IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tyganda Gilmore, #13255-171, | ) | C/A No.: 1:16-1587-JFA-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Mr. Joe Coakley, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Tyganda Gilmore ("Petitioner"), proceeding pro se, is incarcerated at the United States Penitentiary ("USP") McCreary in Pine Knot, Kentucky. [ECF No. 9]. He filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge transfer this case to the United States District Court for the Eastern District of Kentucky.

I.  Factual and Procedural Background

Petitioner filed this § 2241 petition attacking a detainer that is lodged against him in Richland County, South Carolina. [ECF No. 1]. Petitioner alleges he moved under the Interstate Agreement on Detainers Act ("IADA") to have his pending charges disposed of and argues his rights have been violated because the solicitor failed to prosecute him. *Id.* at 3–4, 6–7. Petitioner seeks a speedy trial, the opportunity to present witnesses, and any other relief to which he may be entitled. *Id.* at 7–8.

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.     Analysis

District courts are authorized to grant writs of habeas corpus "within their respective jurisdictions," 28 U.S.C. § 2241(a), and such writs "shall be directed to the

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).

person having custody of the person detained." 28 U.S.C. § 2243. Therefore, the proper party respondent is generally the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citation omitted). Similarly, because "the court issuing the writ [must] have jurisdiction over the custodian," generally in "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 442–43 (citation omitted). In the present case, Petitioner is incarcerated in a United States Penitentiary in Pine Knot, Kentucky, therefore, this court lacks personal jurisdiction over Petitioner's custodian. Accordingly, the undersigned recommends the court transfer Petitioner's § 2241 habeas petition to the Eastern District of Kentucky for further processing. *See* 28 U.S.C. § 1631 (noting a district court should transfer a habeas petition to the proper district court, if such transfer would further the interest of justice).

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this case be transferred to the United States District Court for the Eastern District of Kentucky.

IT IS SO RECOMMENDED.

*/s/ Shiva V. Hodges*

June 17, 2016                                           Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).